UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ULLOA,<br><br>    Plaintiff,<br><br>v.<br><br>C. JACOBSEN, et al.,<br><br>    Defendants. | Case No. 18-cv-03019-HSG (PR)<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According the complaint, on May 24, 2017, an incident broke out in the yard at PBSP's B-facility, during which several officers were attacked by inmates. Defendant correctional officer C. Vick was working as a tower officer in Building No. 6 at the time. Defendant correctional officer J. Hendrix was working as a tower officer in the central control tower on B-facility. Both Vick and Hendrix responded to the attack by firing multiple shots from their respective towers. However, rather than shooting at the inmates that were attacking staff, both Vick and Hendrix shot into a group of non-attacking inmates that were just milling about. Plaintiff was struck by two bullets, one from each officer.

Plaintiff took the bullets in his limbs. After receiving triage treatment at the hospital, he was returned to the prison and placed in administrative segregation. The bullets were left in his body and never removed. Plaintiff explained to his primary care provider and later to the chief medical officer, Dr. C. Jacobsen, that the bullets were causing him extreme pain. He asked that they be removed. D. Jacobsen refused the request. Dr. Jacobsen also refused plaintiff's request for physical therapy after he began to heal. The lack of rehabilitative treatment has caused plaintiff to suffer atrophy, impaired mobility, and pain.

Liberally construed, plaintiff's complaint states a cognizable Eighth Amendment claim for excessive force as against defendants Vick and Hendrix. Plaintiff's complaint also states

cognizable Eighth Amendment deliberate indifference to serious medical needs claims as against defendant Jacobsen.

Plaintiff also claims that the custody officers and medical staff who first responded to his injuries failed to treat him in the immediate aftermath of the shooting and that he suffered blood loss and pain for nearly two hours before being sent to the hospital. Plaintiff does not identify the custody or medical staff by name. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, the Doe defendants are DISMISSED from this action. If, through discovery, plaintiff is able to identify these unknown defendants, he may then move the Court for leave to amend to name the intended defendants and to issue summons upon them. *See Gillespie*, 629 F.2d at 642; *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990).

Finally, the complaint includes a California tort law claim for intentional infliction of emotional distress. The Court has federal supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, plaintiff does not identify the defendants against which he seeks to bring this claim. Should plaintiff wish to pursue a supplemental state law claim for intentional infliction of emotional distress, he may move to amend to add the claim his complaint. Any such amended complaint must list, by name, the defendants linked to this claim. Plaintiff is advised that the elements of the state law claim of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) intended to cause or the reckless disregard of the probability of causing emotional distress; and (3) severe emotional suffering by the plaintiff that was caused by the defendant's conduct. *Agarwal v. Johnson*, 25 Cal. 3d 932, 946 (1979) *disapproved of on other*

3

*grounds in White V. Ultramar, Inc.*, 21 Cal. 4th 563, 574 n.4 (1999).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **C. Vick**, **J. Hendrix**, and **Dr. C. Jacobsen** at **Pelican Bay State Prison**.

A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

4. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 9/10/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge