| | |
|---|---|
| 1 | |
| 2 | UNITED STATES DISTRICT COURT |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |
| 4 | |
| 5 | ROBERT ULLOA, |
| 6 | Plaintiff, |
| 7 | v. |
| 8 | C. JACOBSEN, et al., |
| 9 | Defendants. |

Case No. 18-cv-03019-HSG (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 19

Robert Ulloa, an inmate at Pelican Bay State Prison proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against employees at Pelican Bay. In its review of the complaint, the Court found that the allegations, liberally construed, appeared to give rise to an Eighth Amendment claim for excessive force against Correctional Officers C. Vick and J. Hendrix for shooting Plaintiff in an incident that occurred on May 24, 2017 and an Eighth Amendment deliberate indifference to serious medical needs claim against Doctor C. Jacobsen for failing to extract the bullets from Plaintiff's limbs, failing to provide physical therapy and failing to house him in the clinic after his return from the hospital. On March 11, 2019, the defendants filed a motion for summary judgment based on lack of exhaustion of administrative remedies. Plaintiff has not filed an opposition. As discussed below, the motion is granted.

**LEGAL STANDARD**

**I. Summary Judgment Motion Based on Failure to Exhaust**

The Prison Litigation Reform Act provides, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

The PLRA requires "proper exhaustion" of administrative remedies. *Id.* at 93. To meet

this standard, prisoners must not only lodge a formal complaint, but also pursue it through each stage of the administrative process in "compliance with an agency's deadlines and other critical procedural rules" as a precondition to suing in federal court. *Id*. at 90. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* A grievance does not need to articulate a legal theory, but it must alert the prison to the nature of the wrong for which redress is sought. *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 876 (9th Cir. 2011).

Procedurally, failure to exhaust under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a motion for summary judgment is the proper vehicle to decide whether a prisoner has exhausted administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc). A defendant has the burden to prove that there was an available administrative remedy and that the prisoner did not exhaust it. *Id.* at 1172. Once the defendant meets that burden, the burden shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* A plaintiff must prove that he took reasonable and appropriate steps to exhaust and was precluded from exhausting, not through his own fault, but by the fault of prison officials. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010). To determine the issue of exhaustion, all the facts in the record must be viewed in the light most favorable to the non-moving party. *Albino*, 747 F.3d at 1173 (citing *Liberty Lobby*, 477 U.S. at 247-50).

**II. Department of Corrections Procedures for Administrative Appeals**

The California Department of Corrections and Rehabilitation ("CDCR") provides any inmate under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To initiate an appeal, the inmate must submit a CDCR Form 602 describing the issue to be appealed and the relief requested to the appeals coordinator's office at the institution. *Id.* § 3084.2(a)-(c).

CDCR's appeal process consists of three formal levels of appeal: (1) first formal level

2

appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee. *Id.* § 3084.7 (a)-(c). A prisoner exhausts the appeal process when he completes the third level of review. *Id.* § 3084.1(b); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010). A cancellation of an appeal does not exhaust administrative remedies. Cal. Code Regs. tit. 15, § 3084.1(b). An appeal may be cancelled if the inmate submits the appeal later than the prescribed time constraint, even though the inmate had the opportunity to submit it within the prescribed time limit. *Id.* § 3084.6(c)(4). An inmate may separately appeal the cancellation. *Id.* § 3084.6(e). A cancelled appeal may later be accepted if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review. *Id.* § 3084.6(a)(3).

The same regulations apply to the exhaustion of medical grievances. However, medical appeals are processed by the California Correctional Health Care Services ("CCHCS"). Gates Dec. ¶ 3. During the time that Plaintiff filed his appeals, first and second level health care appeals were processed by staff located at the inmate's penal institution and third-level health care appeals were processed at CCHCS Headquarters. Gates Dec. ¶ 6.[1]

**DISCUSSION**

**I. Defendants' Evidence**

Plaintiff's complaint lists three administrative appeals that he alleges exhausted his claims: PBSP-C-17-01291; PBSP HC 17-030248 and PBSP HC 17-030223. Comp. 2.

Defendants submit the following evidence about these appeals:

**A. Excessive Force Appeal—PBSP-C-17-01291**

On June 19, 2017, Plaintiff filed Appeal No. PBSP-17-01291 which alleged claims against Pelican Bay officers who shot him during a riot on May 24, 2017. Voong Dec., Ex. C. The appeal was bypassed at the First Level of Review and Plaintiff received a second-level response on July 20, 2017. *Id.* The second level response partially granted the appeal because, after

---

[1] On September 1, 2017, new regulations amended the health care appeal process. Gates Dec. ¶ 7.

investigating and interviewing Plaintiff, the appeal was referred to the Office of Internal Affairs and the Deadly Force Investigative Team for review. Royal Dec., Ex. C. This response was delivered to Plaintiff on July 20, 2017. Voong Dec., Ex. C. The second level response informed Plaintiff of the following:

> If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. . .

*Id.*

On September 4, 2017, Plaintiff submitted the appeal to the third level of review, stating he was dissatisfied with the second level response. *Id.* On October 19, 2017, The third level review at the Office of Appeals cancelled the appeal. *Id.*, Ex. D. The third level of review stated:

> Your appeal has been cancelled pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.
>
> The Second Level Response was returned to you on 7/20/17. The appeal package was submitted in our office on 9/7/17. This exceeds time constraints to submit for third level review.
>
> Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. Be advised, you must submit an appeal of a cancellation to the appeals office that issued the cancellation. The original appeal may only be resubmitted if the appeal on the cancellation is granted. You have 30 calendar days to appeal the cancellation. Time constraints begin from the date on the screen out form which cancelled your appeal.

*Id.*

M. Voong, Chief of the California Department of Corrections Office of Appeals, has submitted a declaration stating that he oversees staff at the Office of Appeals, where third level inmate non-medical administrative appeals are received, screened, logged, routed and assigned. Voong Dec. ¶ 3. Voong is familiar with the recordkeeping system at the Office of Appeals and is able to verify the status of a California inmate's non-medical third-level administrative appeal. *Id.* The Office of Appeals keeps an electronic record of each non-medical inmate appeal that has proceeded to the third level of review. *Id.* ¶ 4. At the third level, the appeal is assigned a new

third-level log number that is known as the IAB Number. *Id.* The following information is kept in the electronic record for each grievance: the IAB Number, the appeal category, institutional log numbers assigned at the first and second levels of review, the inmate's name and CDCR number, the institution where the appeal arose, the date the appeal was received and closed and its final disposition. *Id.* Copies of submitted inmate appeals and the related lower level responses are stored in the electronic record. *Id.*

The electronic database can generate a report regarding each inmate's history of appeals at the third level, which is called an Appellant Appeal History. *Id.* ¶ 11. At the request of the Attorney General's Office, the Office of Appeals electronic database was reviewed for appeals submitted by Plaintiff and a computer printout of that result was generated. *Id.* A copy of Plaintiff's third-level Appellant Appeal History is submitted as Exhibit B. *Id.* Exhibit B shows that Plaintiff never submitted a non-medical appeal that was accepted at the third level for review. *Id.* ¶ 12. The printout shows that, on September 7, 2017, Plaintiff submitted an appeal to the third level that was assigned Appeal No. 1710485 and this appeal was cancelled at the third level for failure to meet time limits. *Id.* ¶¶ 12-13. The Office of Appeals did not receive an appeal from Plaintiff challenging the cancellation of this appeal. *Id.* ¶ 15.

**B. Health Care Appeals—PBSP HC 17030223 and PSBP HC 17030248**

L. Dalbec, the California Department Of Corrections Health Care Grievance Coordinator, has submitted a declaration stating that he manages the Health Care Grievance Office at Pelican Bay, where he assists in the processing of all inmate health care appeals. Dalbec Dec. ¶ 1. Dalbec is also the custodian of health care appeal records at Pelican Bay and can verify if a Pelican Bay inmate has submitted a health care appeal. *Id.*

All levels of health care appeals are tracked through a computer database called the Health Care Appeals and Risk Tracking System ("HCARTS"). *Id.* ¶ 3. When the Health Care Grievance Office receives a medical appeal, it is manually entered into HCARTS. *Id.* ¶ 4.

At the request of the Attorney General's Office, a review was conducted of the health care appeals submitted by Plaintiff. *Id.* ¶ 5. Dalbec reviewed Plaintiff's appeal history and found that Plaintiff filed two health care appeals while he was at Pelican Bay— PBSP-HC-17030223 and

1 | PBSP-HC-17030248. *Id.* ¶ 6.

Health Care Appeal No. PBSP-HC-17030223 is the same appeal that is logged as PBSP-C-17-1291. *Id.* ¶ 7. The appeal has two log numbers because it contained both medical and non-medical issues. *Id.* When this happens, the appeal is bifurcated and the issues are addressed separately. *Id.* PBSP-HC-17030223 was submitted on June 19, 2017. *Id.* ¶ 8. The appeal alleged inappropriate medical treatment on May 24, 2017 because: (1) medical staff did not treat Plaintiff's wounds appropriately after he was shot; (2) after Plaintiff was treated at the hospital for the bullet wounds, he was placed in administrative segregation instead of the medical clinic for observation; and, (3) while he was in administrative segregation, medical staff attempted to take his crutches away. *Id.*; Gates Dec., Ex. D. The first-level response was dated July 25, 2017 and delivered to Plaintiff on July 26, 2017. Dalbec Dec. ¶ 8; Gates Dec., Ex. C. The first-level response stated the following: (1) Plaintiff's care and triage of his wounds on May 24, 2017 was appropriate, because, based on the medical information, Plaintiff was assessed, deemed stable and care was provided in a timely manner; and (2) Plaintiff's crutches were ordered for two weeks, expiring on June 16, 2017 at which time staff was required to remove them; however, Plaintiff's primary care provider extended the order for the crutches until June 30, 2017. *Id.*

The HCARTS records show that Plaintiff did not appeal the first-level response to the second or third level. Dalbec. Dec. ¶ 9.

Plaintiff filed PBSP HC 17030248 on June 22, 2017. Dalbec Dec. ¶ 11; Gates Dec., Ex. E. This appeal alleged the following: (1) after Plaintiff was shot on May 24, 2017, medical staff did not provide medical first aid to him, instead placing him in a holding cell where medical staff tagged his injuries to identify their location, but did not bandage or apply pressure to the wounds; (2) when he was bleeding and in pain, medical staff simply inspected his leg, said the bleeding was caused by his circulation and walked away; (3) when Plaintiff returned from the hospital, he was placed in administrative segregation without being housed in an infirmary or medical setting for observation by medical staff; (4) Plaintiff requested a wheel chair, but was just issued crutches; and (5) on June 15, 2017, medical staff attempted to remove the crutches. *Id.*

The first level response, which denied the appeal, is dated August 8, 2017 and was

1 delivered to Plaintiff on August 9, 2017. *Id.*; Dalbec Dec. ¶ 11. Plaintiff did not appeal this response to the second or third level of review. *Id.* ¶ 12.

### C. Plaintiff's Knowledge of Appeal Process

Plaintiff studied the process for filing administrative appeals in the Pelican Bay law library, where he reviewed the regulations for filing appeals. Ross Dec., Ex. A, Ulloa Deposition ("Depo.") at 27. Plaintiff understood the time requirements for filing appeals and that he had to submit the appeals to all three levels. *Id.* at 28. However, he thought the 30-day deadline was only for filing the first appeal. *Id.* at 266. And he didn't realize he had to file an appeal after the third-level review was cancelled because it was filed late. *Id.* at 268. However, Plaintiff had access to the law library, he received a copy of Title 15 which contains the regulations for filing administrative appeals, and he had the opportunity to review all of these. *Id.* In addition, the 602 Form notified Plaintiff about the 30-day deadline to appeal a second-level appeal to the third level. Royal Dec., Ex. B.; Voong Dec., Ex. C. And the third level response notified Plaintiff that, within 30 days of receipt of the third level response, he could file an appeal of the cancellation decision. Voong Dec., Ex. D.

### II. Analysis

Because Plaintiff did not file an opposition to the motion for summary judgment, Defendants' evidence is undisputed. Defendants have submitted evidence that Plaintiff filed an administrative appeal regarding his excessive force claim, which was bypassed at the first level and which received a second-level response that was sent to Plaintiff on July 20, 2017. Plaintiff challenged various aspects of the second level response and sent it to the third level for review. However, Plaintiff sent his appeal to the third level on September 4, 2017, which was beyond the 30-day deadline for appealing to the third level. Missing the 30-day deadline resulted in the appeal being cancelled. The cancellation of an appeal at the third level does not exhaust administrative remedies. Plaintiff knew about the 30-day deadline for filing appeals because he had access to the Pelican Bay law library where he studied the regulations about inmate appeals. He was also notified about the 30-day deadline to file a third-level appeal in the 602 Form and he was notified about appealing a cancellation of his appeal in the third-level response cancelling his

7

appeal.

Defendants' evidence meets their burden of proving there was an available administrative remedy for Plaintiff's excessive force claim but that he did not exhaust it. Under *Albino v. Baca*, 747 F. 3d at 1170, Plaintiff must now come forward with evidence showing there was something particular in his case that made the generally available remedies unavailable to him. Plaintiff has failed to do so. Therefore, Defendants have shown that Plaintiff failed to exhaust this claim.

Defendants have submitted evidence that Plaintiff filed at the first level of review two administrative appeals about his medical treatment after he was shot on May 24, 2017. Defendants also have submitted evidence showing that Plaintiff knew he had to submit his appeals to three levels of review to exhaust his claims and that he did not appeal the denial of his appeals to the second and third levels of review. This evidence meets Defendants' burden of proving there was an available administrative remedy for Plaintiff's medical appeals which he did not exhaust. This evidence is undisputed because Plaintiff has not filed evidence in opposition. Therefore, Defendants have shown that Plaintiff failed to exhaust his medical claim.

Because the undisputed evidence shows Plaintiff failed to exhaust any of his claims, Defendants' motion for summary judgment based on lack of exhaustion is granted.

## CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment is granted. This order terminates docket number 19. The clerk shall issue a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: 1/21/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge